This case is an appeal of the judgment of the Sandusky County Court of Common Pleas which found appellant, Sandor Lynn Lachner, guilty of domestic violence, in violation of R.C. 2919.25(A), and felonious assault, in violation of R.C. 2903.11. The two counts were merged and appellant was sentenced to a seven year prison term for felonious assault. The matter comes before this court on court appointed counsel's motion to withdraw as counsel on appeal and the Anders brief in support thereof. Appellant has filed apro se brief in support of his pro se assignment of error.
Counsel for appellant has submitted to this court a motion for leave to withdraw as counsel for appellant for want of a meritorious, appealable issue. Anders v. California (1967),386 U.S. 738 and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw from representation.[1] In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it be wholly frivolous he should so advise the court and request permission to withdraw. Id.
at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id. Counsel has met these requirements and appellant has chosen to file a pro se brief raising an assignment of error and supporting argument. Appellant's pro se assignment of error states:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT AS THE FINDING OF GUILTY AS TO THE FELONIOUS ASSAULT COUNT OF AMENDED INDICTMENT ARE CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellant's counsel raises the following potential assignments of error:
 "WAS THE DEFENDANT'S RIGHTS COMPROMISED BY INEFFECTIVE ASSISTANCE OF COUNSEL?
 "WAS THE JUDGMENT OF THE TRIAL COURT JUDGE, AS TRIER OF FACTS, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE?"
We shall first address counsel's second assignment of error as it is identical to appellant's. Appellant contends that the manifest weight of the evidence fails to support his conviction for felonious assault.
In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court stated the following in regard to weight of the evidence:
 "* * * Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'" (Citation omitted.) (Emphasis added by Court.) Id. at 387.
The Ohio Supreme Court also noted that when an appellate court reverses a verdict as against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. Id.
At trial, the victim, appellant's ex-wife, testified that on the evening of the final divorce hearing appellant went to her place of employment and then followed her home. At that time, they were still living at the same address, but appellant slept on the couch in the living room. The victim testified that she walked into the kitchen and appellant came up from behind her and punched her in the face. He continued punching her and announced that he was going to kill her. The victim stated that appellant hit her more than ten times and held a knife against her skin. She also testified that he bit her on her right cheek.
The next day, the victim went to her daughter's house. Later in the day, after the victim began vomiting, her daughter drove her to the emergency room. X-rays were taken of her eye orbits and no fractures were found. The victim was sent home and her daughter was instructed to wake her every two hours during the night. The victim further testified that due to the bruising on her face, she took two weeks off from her full-time waitressing position.
Appellant admits that he committed the offense of domestic violence against his ex-wife; however, appellant argues that bumps, bruises and vomiting, without more, fails to rise to the level of "serious physical harm" as defined in the Ohio Revised Code. R.C. 2903.11, the felonious assault statute, provides that no person shall cause serious physical harm to another. Serious physical harm is defined, in relevant part, as either of the following:
"(5) * * *
"* * *
 "(c) Any physical harm the involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 "(d) Any physical harm that involves some permanent disfigurement, or that involves some temporary, serious disfigurement;
 "(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering, or that involves any degree of prolonged or intractable pain."
In this case, the evidence shows that the victim suffered multiple bruises and abrasions on her face (particularly around her eyes) and body. There is also evidence that appellant bit her on her right cheek and that a scar still remained. It is also undisputed that appellant suffered dizziness and vomiting after the altercation.
Based upon the foregoing, we find that the trial court did not lose its way and could reasonably conclude that the state proved each material element of felonious assault beyond a reasonable doubt. In particular, that appellant caused serious physical harm to the victim. Accordingly, the verdict was not against the manifest weight of the evidence and appellant's counsel's second potential assignment of error and appellant's pro se
assignment of error are not well-taken.
The first potential assignment of error raises the issue of whether appellant was denied effective assistance of counsel.
Legal representation is constitutionally ineffective, and a basis for reversal or vacation of a conviction, when counsel's performance is deficient and results in prejudice to the accused.Strickland v. Washington (1984), 466 U.S. 668. In order to prove ineffective assistance of counsel, a defendant must show (1) that his counsel's performance fell below an objective standard of reasonable representation in some particular respect or respects and (2) that he was so prejudiced by the defect or defects that there exists a reasonable probability that, but for counsel's errors, the result of the trial would have been different. Statev. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, following Strickland.
In Ohio, a properly licensed attorney is presumed competent, and the burden is on the appellant to show counsel's ineffectiveness.State v. Lytle (1976), 48 Ohio St.2d 391, 397; State v.Hamblin (1988), 37 Ohio St.3d 153, 155-156. Debatable trial tactics generally do not constitute ineffectiveness. State v. Phillips
(1995), 74 Ohio St.3d 72, 85, citing State v. Clayton (1980),62 Ohio St.2d 45, 49.
Appellant only argues that the choice to try the matter to the trial court rather than a jury may not have been the most prudent. Appellant's counsel states, and we agree, that the decision to forego a jury trial constitutes trial strategy and is not grounds for appeal. After a thorough review of the record of proceedings in the trial court, this court is unable to find any instances of ineffective assistance of counsel. The record does reflect that defense counsel presented witnesses on appellant's behalf and thoroughly cross-examined the state's witnesses. Upon review of the entire record of the proceedings and the law, we find that trial counsel's performance did not fall below an objective standard of reasonableness. Accordingly, appellant's first potential assignment of error is not well-taken.
Upon our own independent review of the record, we find no other meritorious grounds for appeal. Accordingly, this appeal is found to be without merit and wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted.
On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
MARK L. PIETRYKOWSKI, J.
PETER M. HANDWORK, J. AND JAMES R. SHERCK, J., CONCUR
[1] We note that on January 19, 2000, the United States Supreme Court held that the procedure set forth in Anders is only one method states may use to satisfy constitutional requirements for indigent criminal appeals. Smith v. Robbins (2000), ___ U.S. ___, 120 S.Ct. 746. As of the writing of this opinion, the Anders
procedure is still followed in Ohio.